UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 12 2011 ★
BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>HUBERMANN SAINTUS,<br><br>Defendant. | 10-CR-476-01<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On December 15, 2010, Hubermann Saintus pleaded guilty to both counts of a two-count indictment. Count One charged that on May 20, 2010, Saintus imported cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(2). Count Two charged that on May 20, 2010, Saintus possessed with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Saintus was sentenced on July 27, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 33 and 41 months. The calculation of the total offense level included a four-point reduction because Saintus' role in the offense was limited to that of a courier, and a two-point reduction for accepting responsibility. The offense carried a minimum term of imprisonment of five years and a maximum term of imprisonment of forty years on both counts. 21 U.S.C. 960(b)(2) and 841(b)(1)(B). The guidelines range of fine was from $7,500 to $4,000,000.

Saintus was sentenced to five years' incarceration and four years' supervised release on both counts, to be served concurrently. A $200 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Importation of cocaine and intent with possession to distribute cocaine are serious offenses. Saintus attempted to smuggle 1.923 kilograms of cocaine into the United States in the false bottom of his suitcase.

Prior to his arrest, Saintus worked in Haiti as a driver for Doctors Without Borders, and before that as a desk clerk at La Jacmelienne Hotel. His employment at La Jacmelienne Hotel ended when the hotel was destroyed by an earthquake in 2010. Saintus has a wife, Mary Prevot, and a two-year-old son, Huberman Saintus, Jr. In addition, Saintus and his wife adopted the wife's young nephew, Richmeal Charles, when Richmeal's father passed away in 2006. Saintus and his family live with his mother, who has Type II Diabetes. Since 1998, Saintus has paid for his mother's diabetes medication. A sentence of five years, the mandatory minimum sentence, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug importation will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal

activity in light of his strong family ties and his desire to resume working for his previous employer when he returns to Haiti.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: July 29, 2011
       Brooklyn, New York

4